UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DOCUSIGN, INC., | | |
| | Plaintiff, | No. C06-0906Z |
| v. | | |
| SERTIFI, INC., | | ORDER |
| | Defendant. | |

This matter comes before the Court on a Motion for a Preliminary Injunction by Plaintiff Docusign, Inc. ("Docusign"), docket no. 3, a motion to declare patent invalid in the Reponse of Defendant Sertifi, Inc. ("Sertifi"), docket no. 12, and Sertifi's Surreply Request to Strike New Materials in Reply, docket no. 21. The Court having reviewed the briefing, exhibits, and declarations, and being fully informed, hereby enters the following Order.

## BACKGROUND

On June 28, 2006, Plaintiff Docusign filed a Complaint for Patent Infringement against Defendant Sertifi. Docusign alleges that Sertifi infringes U.S. Patent No. 6,289,460 (the "'460 Patent") by offering for sale in the United States its "Sertifi system" for electronic document management. See Compl., docket no. 1, ¶¶ 6-10. The '460 Patent claims "a system for allowing predesignated users at remotely located computer-based systems to

ORDER 1–

perform document management." Id.  The claimed invention is used for online business transactions, including the application of electronic signatures to documents in a feasible and secure manner.  See Lorenzini Decl., docket no. 4, ¶¶ 2-5.[1]

Docusign is incorporated in Washington, with its principal place of business in Seattle, Washington.  Id. ¶ 1.  Docusign launched its commercial "DOCUSIGN" document management system in early 2004.  Id. ¶¶ 9, 10.  Docusign claims commercial success, securing over 800 corporate accounts in a variety of industries for its DOCUSIGN document management system.  Id. ¶ 10.  Defendant Sertifi is incorporated in Illinois and has its principal place of business in Chicago, Illinois.  Answer, docket no. 11, ¶ 2.  Sertifi was founded in October 2003, and provides document signature services using its Sertifi system.  Stojka Decl., docket no. 14, ¶¶ 1, 2.  It is unclear whether Sertifi has generated any revenue to date, but its founder, director, and vice president, Nick Stojka, states that "Sertifi anticipates generating $150,000 for the balance of 2006, $500,000 for 2007, and $2,000,000 for 2008."  Id. ¶ 4.

Docusign filed this lawsuit on June 28, 2006, and moved for a preliminary injunction simultaneously with the filing of the Complaint.  Docusign seeks to enjoin Sertifi from "utilizing, offering for sale or selling the current Sertifi system," on the grounds that the Sertifi system infringes the '460 Patent.  Proposed Order, docket no. 3, at 2.  Sertifi's entire business is providing documents signature services with the Sertifi system.  Stojka Decl., docket no. 14, ¶ 2.  Docusign urges the Court not to require a bond.  See Pl.'s Mot, docket no. 3, at 18.

//

//

---

[1] The Lorenzini declaration does not bear Mr. Lorenzini's signature.  Electronic signatures for non-attorneys are not permitted by the Local Rules and CM/ECF guidelines.  In future filings, the Court expects the parties to comply with the Local Rules as they relate to the signing of documents by non-lawyers.

ORDER  2–

# DISCUSSION

## A.     Defendant Sertifi's Motion to Strike

Sertifi moves the court to strike new facts and argument in Docusign's Reply. Sertifi contends that after identifying deficiencies in the Motion for Preliminary Injunction, Docusign added new facts, evidence, and argument in Reply. Specifically, Sertifi alleges that Docusign added new facts and analysis to address Sertifi's argument that (a) Docusign failed to provide any evidence of irreparable harm, and (b) Docusign ignored Federal Circuit precedent by failing to consider the specification and prosecution history in claim construction. Sertifi also alleges that Docusign changed its claim construction position in Reply. See Supp. Sokolowski Decl., docket no. 19, at ¶¶ 2-21. The Supplemental Sokolowski Declaration references a host of new evidence and information, and provides ten pages of new expert opinion on claim construction.[2]

It is well established that new arguments and evidence presented for the first time in Reply are waived. E.g., United States v. Patterson, 230 F.3d 1168, 1172 (9th Cir. 2000). Docusign's Reply raises new evidence and argument regarding irreparable harm and claim construction. Docusign submits extensive supplemental declarations from both its founder and expert witness. These declarations address issues which should have been addressed in the opening brief, and the new evidence is inappropriate for Reply. The scope of new evidence is too extensive to remedy by merely allowing supplemental briefing.[3]

Sertifi's Motion to Strike, docket no. 21, is GRANTED.

---

[2] The original Sokolowski declaration contained no basis for Ms. Sokolowski's expert opinions on claim construction, but was accompanied by an exhibit with her "opinion as to the proper interpretation of each of the claim terms." See Sokolowski Decl., docket no. 5, ¶ 15, ex. B. Ms. Sokolowski's opinion on claim construction was identical to that of Mr. Court Lorenzini, president and CEO of Docusign. See Lorenzini Decl., docket no. 4, ex. C.

[3] The Court takes this opportunity, early in this case, to advise the parties against extensive argument and legal analysis within their expert declarations. Technical experts are not qualified to make legal conclusions and arguments, and where a party elects to include legal arguments in a technical declaration, rather than in a brief, those arguments may appropriately be disregarded.

ORDER   3–

**B.     Plaintiff Docusign's Motion for Preliminary Injunction**

"Courts have the power to grant injunctions to prevent the violation of patent rights." Pfizer, Inc. v. Teva Pharms., USA, Inc., 429 F.3d 1364, 1372 (Fed. Cir. 2005) (citing 35 U.S.C. § 283 (2000)). "In considering whether to grant a preliminary injunction, a court must consider whether the patent owner has shown: (1) a reasonable likelihood of success on the merits; (2) the prospect of irreparable harm to the patent owner; (3) the balance of hardships tips in its favor; and (4) granting the injunction would not adversely affect the public interest." Id.

**1.     Likelihood of Success on the Merits**

In order to demonstrate that it has a likelihood of success on the merits, Docusign must show that (1) it will likely prove that Sertifi infringes the '460 Patent, and (2) its infringement claim will likely withstand Sertifi's challenges to the validity and enforceability of the '460 Patent. See Genentech, Inc. v. Novo Nordisk A/S, 108 F.3d 1361, 1364 (Fed. Cir. 1997).

**a.     Infringement**

"Determining the likelihood of infringement requires two steps, first claim construction and second a comparison of the properly construed claims to the accused product." Pfizer, 429 F.3d at 1372. Docusign urges the Court to construe the claims of the '460 Patent by inquiring "into how a person of ordinary skill in the art would have understood claim terms at the time of the invention." See Pl.'s Mot. at 7. To that end, Docusign presents the Court with its expert, a "person of ordinary skill" in the art, and urges the Court to adopt her proposed constructions. See id. at 12; Sokolowski Decl. ¶¶ 1-15, ex. B. Unfortunately, the Federal Circuit requires more than the approval of the expert the Court likes best, and claim construction necessarily involves more than approving a list of proposed constructions agreed upon by the plaintiff, its CEO, and its expert. Claim construction is a

ORDER  4–

matter of law for the Court, not for the Plaintiff's expert.  See Markman v. Westview Instruments, Inc., 517 U.S. 370, 390 (1996).

Surprisingly, Docusign has provided the court with no legal argument or analysis on which to base a decision on claim construction.  Plaintiff's claim interpretation begins with a short patent law primer, and the language of claim 1.  The construction ends with a claim chart of proposed constructions, and citation to the expert's report.  Markedly absent is any reference to the patent specification or prosecution history.  The Federal Circuit has provided clear direction: "the court starts the [claim construction] decisionmaking process by reviewing . . . the patent specification and the prosecution history." Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005); accord V-Formation, Inc. v. Benetton Group SpA, 401 F.3d 1307, 1310 (Fed. Cir. 2005) (intrinsic record "usually provides the technological and temporal context to enable the court to ascertain the meaning of the claim to one of ordinary skill in the art at the time of the invention").  Plaintiff's total reliance on the viewpoint of Mr. Lorenzini and Ms. Sokolowski demonstrates a misapprehension of the importance of Phillips and its progeny: the specification is where the inquiry begins (i.e., not the expert declaration).      Without any reference to the patent specification, the Court is unable to conclude that Plaintiff's construction of the claims is correct.  Indeed, the Court is unable to even begin the process of claim construction on this record.  The Court declines to undertake a *sua sponte* analysis of the specification – without any direction from the parties – in order to construe the claims of the '460 Patent.  The Federal Circuit has not required that claim construction take place in a vacuum.  Plaintiff has not presented sufficient evidence based on the specification and prosecution history to construe the claims.  Accordingly, the Court is also unable to undertake a meaningful comparison of the claims to the accused

ORDER   5–

device: the Sertifi system.  The Court must therefore conclude that Plaintiff has failed to demonstrate a reasonable likelihood of success on the question of infringement.[4]

### b. Invalidity

Docusign must also demonstrate that it will likely withstand any challenge to the validity of the '460 Patent.  See Genentech, 108 F.3d at 1364 .  Sertifi urges that the '460 Patent is invalid for reasons of indefiniteness and lack of enablement, and that Docusign's Motion for Preliminary Injunction should be denied.  A patent is presumed valid, and the party challenging validity must do so with clear and convincing evidence.  35 U.S.C. § 282; Genentech, 108 F.3d at 1364 n.2.  However, at the preliminary injunction stage, a lesser "substantial question" standard is used.  Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1358 (Fed. Cir. 2001).

Sertifi asks the Court to take a further step, and "declare the claims of U.S. Patent No. 6,289,460 invalid."  Def.'s Opp, docket no. 12, at 10.  Sertifi asserts as an affirmative defense that the claims of the '460 Patent are invalid.  See Answer, docket no. 11, at 4. Docusign objects to this request for a declaration of invalidity because it was not brought as a motion.  See Fed. R. Civ. P. 7(b), Local Rule CR 7(b), (d).  A request for summary judgment on an affirmative defense must made by motion, and not raised for the first time in an Opposition to a Preliminary Injunction.  Accordingly, Sertifi's motion to declare the claims of the '460 Patent invalid is DENIED.

Whether Sertifi raises a "substantial question" as to invalidity is only relevant in the context of a Preliminary Injunction, and the question of summary judgment on the

---

[4] To the extent this Court's ruling is unclear as to a direction for eventual claim construction, the Court offers Phillips as a guide: "[c]onclusory, unsupported assertions by experts as to the definition of a claim term are not useful to the court." 415 F.3d at 1318. Extrinsic evidence at odds with the written record of the patent is also of no use. See id. The Court urges the parties to start with the specification and prosecution history.

ORDER  6–

affirmative defense of invalidity is not properly before the Court.[5]  Accordingly, the Court need not address invalidity at this stage of the litigation because Plaintiff has failed to demonstrate a reasonable likelihood of success on the question of infringement.

### 2. Irreparable Harm

Docusign urges the Court to presume irreparable harm based on a strong showing of likely infringement of a valid and enforceable patent.  However, Docusign has not made a strong showing of likely success on the merits and is therefore not entitled to a presumption of irreparable harm.  See Abbot Labs v. Andrx Pharms., Inc., 452 F.3d 1331, 1347 (Fed. Cir. 2006).[6]  Docusign must prove its harm.  See id.  Sertifi urges the Court to conclude that Docusign's allegations of harm are purely speculative.  Docusign argues that Sertifi's competition undermines its attempts to solidify market position through promotion of new, patented technology.  However, although Docusign offers speculation on the possible impacts of Sertifi's presence in the marketplace, it fails to support its argument with evidence.  Docusign's claim of irreparable harm is weakened by its apparent delay in bringing suit.  Docusign was aware of the Sertifi system, which it believed to be infringing, as early as May 10, 2005, yet waited nearly a year to file suit and seek injunctive relief.  See Doyle Decl., docket no. 13, ¶ 3.  This delay undermines its claim of irreparable harm and request for immediate injunctive relief.

---

[5] To the extent the invalidity questions of indefiniteness and enablement are closely intertwined with claim construction, the Court will defer consideration of any renewed motion for summary judgment on the invalidity affirmative defense until after claim construction.

[6] Sertifi argues that no presumption of harm is proper, in any event, in the wake of eBay Inc. v. MercExchange, L.L.C., 547 U.S. ____, 126 S. Ct. 1837 (2006), which held that the party seeking permanent injunctive relief was not entitled to a presumption of harm, but must demonstrate irreparable injury.  Abbott, which came after eBay, assumed (without deciding) that such a presumption was still appropriate in the preliminary injunction context, where a strong showing of likely infringement was made.  In this case, however, whether the presumption of harm still exists is irrelevant.  Docusign has failed to make a showing of likely infringement and therefore is entitled to a presumption, even if such a presumption did exist in light of eBay.

ORDER 7–

Docusign fails to offer evidence in support of its claim of irreparable harm. It fails to cite a single instance where Sertifi's competition has undermined its participation in the marketplace. See Lorenzini Decl., docket no. 4, ¶¶ 11-17.[7] Docusign's allegations that it is "certain to suffer a detrimental market impact as a result of Sertifi's infringing system" are purely speculative. See id., ¶ 15. The Court is unable to conclude that Docusign has demonstrated the prospect of irreparable harm. See, e.g., Abbott, 452 F.3d at 1347-48.

### 3. Balance of Hardships

Docusign urges the Court that to find that the balance of hardships tips in its favor on the basis of a strong showing of likely infringement. Without such a showing, however, Docusign must demonstrate that the balance of hardships tips in its favor. Assuming that competition will harm Docusign's ability to market is products, the Court must also consider the impact on Sertifi. The Federal Circuit has held that the mere loss of market share and customer goodwill, without more, does not overcome a patentee's right to exclude. Pfizer, 429 F.3d 1382. However, Sertifi argues that something "more" is present here. Sertifi contends that an injunction would shut it down, putting it out of business. See Stojka Decl., docket no. 14, ¶ 2 ("Sertifi's entire business is providing document signature services using the Sertifi system."). When balanced against a speculative loss of market share, Docusign fails to convince the Court that the balance of hardships tips in its favor. Docusign might lose market share, but Sertifi would be put out of business. While the Court recognizes the possible revenue impacts of lower prices and competition, the Court must balance those concerns against shutting down Sertifi's business without the benefit of a trial or proper claim construction, for a lengthy asserted claim. See '460 Patent at 11:6-54 (claim 1).

The Court's review of the complex claim at issue provides strong evidence that claim construction should be carefully undertaken before an order shutting down the Sertifi system

---

[7] As previously stated, the Court will not consider new evidence of harm submitted for the first time in Reply. See, e.g., Second Lorenzini Decl., docket no. 17.

ORDER 8–

is considered.  The balance of hardships does not tip in Docusign's favor.  For these same reasons, the Court also concludes that a preliminary injunction would adversely affect the public interest by putting a corporation out of business on a meager showing of necessity.

## CONCLUSION

Sertifi's Sureply Motion to Strike, docket no. 21, is GRANTED, and the Court will not consider Docusign's new facts, evidence, and argument submitted for the first time in Reply, and in the supporting declarations.  Docusign's Motion for a Preliminary Injunction, docket no. 3, is DENIED.  Docusign has failed to show a likelihood of success on the question of infringement, because it did not provide an adequate basis for applying properly construed claims to the Sertifi system.  Docusign failed to demonstrate irreparable harm, failed to show that the balance of hardships tips sharply in its favor, and failed to show that granting the injunction would not adversely affect the public interest.  Sertifi's motion to declare the '460 patent invalid, docket no. 12, is DENIED.

IT IS SO ORDERED.

DATED this 19th day of October, 2006.

Thomas S. Zilly
United States District Judge

ORDER  9–